IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHELLY RENE MURPHY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**AT&T,** )<br>)<br>**Defendant.** )<br>_____) | Case No. 10-02686-CM-JPO |

**MEMORANDUM AND ORDER**

Plaintiff Shelly Rene Murphy is proceeding *pro se* and alleges that defendant AT&T discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. This matter is before the court on defendant's motion to dismiss (Doc. 12) and the court's September 13, 2011 show cause order (Doc. 14). For the following reasons, the court determines that plaintiff complied with the show cause order. The court also grants defendant's motion in part.

**I.     Background**

On December 22, 2010, plaintiff filed her complaint against "AT&T." Based on plaintiff's failure to execute service of process, the magistrate judge entered a show cause order on May 26, 2011, ordering plaintiff to obtain a summons and serve defendant by June 27, 2011, or else show cause why this case should not be dismissed for failure to prosecute. On June 22, 2011, the clerk's office issued a summons to "AT&T" and gave it to plaintiff for service. On June 23, 2011, London Culclager, Associate Director Collections, received the summons and complaint. Mr. Culclager is not an officer, managing agent, or agent authorized for service of process of AT&T or AT&T Services, Inc.

On July 14, 2011, AT&T Services, Inc., improperly named as "AT&T," filed a motion to dismiss due to insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Plaintiff failed to respond, which prompted this court to enter a show cause order requiring plaintiff to (1) show cause why defendant's motion should not be granted, and (2) file a response to defendant's motion. On September 30, 2011, plaintiff filed the following one-paragraph response:

> My response to the show cause order is that I would like to request that the petition be amended to show the correct name of the Defendant and request summons served to CT Corporation at 120 South Central Avenue, Clayton, MO 63105.

(Doc. 20 at 1.)

### II. Analysis

#### a. Show Cause Order

The court's show cause order required plaintiff to explain why defendant's motion should not be granted and file a response to defendant's motion. Instead, plaintiff filed a single document titled "Plaintiff's Response to Show Cause Order" that outlined requested action. The court will construe this pleading broadly, treat this pleading as a response to the show cause order and an opposition to defendant's motion, and consider the merits of defendant's motion. *See Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Plaintiff is warned that she must timely file pleadings with the court and that *pro se* litigants must follow the same procedural rules as litigants that are represented by counsel. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"). Failure to comply with the procedural rules in the future may result in the court striking pleadings or dismissing her cause of action.

### b. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(5) allows a court to dismiss a complaint for insufficient service of process. If a defendant challenges service of process, the plaintiff has the burden of proving that service of process was sufficient. *Pope v. Boy Scouts of Am.*, No. 06-2130-KHV, 2006 U.S. Dist. LEXIS 80785, at *2 (D. Kan. Nov. 3, 2006).

Under Federal Rule of Civil Procedure 4(h)(1)(A), a corporation may be served in a manner prescribed by Rule 4(e)(1). Federal Rule of Civil Procedure 4(e)(1) provides that service may be completed by following the state law for serving a summons in the state where the district court is located or where service is made. Kansas law allows a corporation to be served by "(1) [s]erving an officer, manager, partner or a resident, managing or general agent; (2) leaving a copy of the summons and petition or other document at any business office with the person having charge thereof; or (3) serving any agent authorized by appointment or required by law to receive service of process . . . ." K.S.A. § 60-304(e); *see also* Mo. Rev. Stat. § 506.150(4) (authorizing similar procedures for service of process).

It is undisputed that plaintiff originally served the summons and complaint on Mr. Culglager by regular United States mail. It is further undisputed that Mr. Culclager is not an officer, managing agent, or agent authorized for service of AT&T Services, Inc. Plaintiff has not presented any argument or evidence illustrating that she complied with the service statutes, and the court is not allowed to construct arguments on her behalf. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) ("This court, however, will not . . . construct a legal theory on a plaintiff's behalf."). Accordingly, the court determines that service was insufficient.

Although plaintiff's service was insufficient, it appears that she may be able to cure the deficiencies. In this situation, a court should generally "quash the service and give the plaintiff an

opportunity to re-serve the defendant." *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983); *see also Rader v. U.S.D. 259 Wichita Pub. Schs.*, No. 10-4118, 2011 U.S. Dist. LEXIS 57706, at *6 (D. Kan. May 31, 2011). An extension of the service time is particularly appropriate when the defendant had notice of the lawsuit and would not be prejudiced by the delay in service. *Rader*, 2011 U.S. Dist. LEXIS at * 6; *see also Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273–74 (D. Kan. 2004). In this case, defendant knew of this lawsuit and there is no evidence that the delay in service will prejudice it. Accordingly, the court grants plaintiff's request to substitute AT&T Services, Inc. as the defendant. The court also grants plaintiff fourteen (14) days from the date of this order to re-serve defendant. Plaintiff is responsible for obtaining a new summons for AT&T Services, Inc. and executing service of process in accordance with Federal Rule of Civil Procedure 4. Failure to demonstrate service of process within this time will most likely result in dismissal of plaintiff's action without further notice.

**IT IS THEREFORE ORDERED** that plaintiff satisfied the court's September 13, 2011 show cause order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is granted in part. The court substitutes AT&T Services, Inc. as the defendant. The court also quashes service on defendant and grants plaintiff fourteen (14) days from the date of this order to re-serve defendant under Federal Rule of Civil Procedure 4. Failure to demonstrate service of process within this time will most likely result in dismissal of plaintiff's action without further notice.

Dated this 28th day of October, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**