IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHELLY RENE MURPHY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 10-2686-CM |
| | ) |
| **AT&T SERVICES, INC.,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

On October 28, 2011, this court substituted AT&T Services, Inc. as the named defendant and granted plaintiff fourteen (14) days to serve this defendant. The court cautioned plaintiff that "failure to demonstrate service of process within this time will most likely result in dismissal of plaintiff's action without further notice." (Doc. 25.) Before the court is defendant AT&T Services's motion to dismiss due to insufficient service of process (Doc. 30). Plaintiff failed to timely respond to the motion and on March 21, 2012, the court entered an order to show cause why the motion should not be granted as uncontested. Plaintiff also failed to timely respond to the court's order. The court will now take up defendant AT&T Services's motion without the benefit of a response by plaintiff.

Federal Rule of Civil Procedure 12(b)(5) allows a court to dismiss a complaint for insufficient service of process. If the defendant challenges service of process, the plaintiff has the burden of proving that service of process was sufficient. *Pope v. Boy Scouts of Am.*, No. 06-2130-KVH, 2006 U.S. Dist. LEXIS 80785, at *2 (D. Kan. Nov. 3, 2006). There is nothing in the record that suggests that plaintiff has served AT&T Services even though more than 120 days has passed since the court's October 28, 2011 order. *See* Fed. R. Civ. P. 4(m) ("If the defendant is not served within 120 days . . . the court . . . must dismiss the action without prejudice against that defendant . . . ."). And plaintiff

failed to respond to this motion or present any evidence that she properly served this defendant. Plaintiff is *pro se*, but the court cannot construct arguments on her behalf.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 – 74 (10th Cir. 1997) ("This court, however, will not . . . construct a legal theory on a plaintiff's behalf."). Accordingly, the court determines that service of process was insufficient and dismisses plaintiff's complaint without prejudice pursuant to Rule 12(b)(5). Because the court is dismissing plaintiff's complaint, the court does not address AT&T Services's remaining arguments.

**IT IS THEREFORE ORDERED** that AT&T Services, Inc.'s motion to dismiss (Doc. 30) is granted. Plaintiff's complaint is dismissed without prejudice.

Dated this 30th   day of March, 2012, at Kansas City, Kansas.

s/Carlos Murguia

**CARLOS MURGUIA**
**United States District Judge**